COURT OF APPEALS
DECISION
DATED AND FILED

**November 17, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP1750-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2016CF681

**IN COURT OF APPEALS
DISTRICT I**

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

  V.

OSHAY SHAYFER RANDOLPH,

  DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Milwaukee County: MARK A. SANDERS, Judge. *Affirmed*.

Before Brash, P.J., Donald and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Oshay Shayfer Randolph appeals the judgment of conviction, following guilty pleas, to one count of felony murder and one count of attempted burglary, both as a party to a crime.  Randolph contends that the circuit court erred in denying his presentence motion for plea withdrawal.  Upon review, we affirm.

## BACKGROUND

¶2     On February 13, 2016, Randolph was charged with one count of felony murder, one count of first-degree recklessly endangering safety as a party to a crime, and one count of being a felon in possession of a firearm.  According to the criminal complaint, on October 18, 2015, Randolph and others attempted to rob an individual during a drug delivery, resulting in the individual being shot in the hip.  The complaint further states that two days later, Randolph and others shot into a home, and later that day, shot and killed Michael Schoos during an attempted robbery.   Multiple amended informations were subsequently filed; however, as relevant to this appeal, an amended information added an additional charge of attempted burglary as a party to a crime.

¶3     The matter proceeded to trial, but the circuit court ultimately declared a mistrial after it was discovered that one of the jurors was untruthful during voir dire.

¶4     Prior to the commencement of a second trial, the State filed a consolidated witness list, which included Bradley Thomas Wallace, also known as Bradley Lee (hereinafter, "Thomas").[1]  Randolph ultimately pled guilty to one

---

[1] Because the circuit court refers to Bradley Thomas Wallace/Bradley Lee as "Thomas," we do the same for consistency.

count of felony murder and one count of attempted burglary as a party to the crime.

¶5 Prior to sentencing, however, Randolph filed a motion to withdraw his guilty pleas. The motion alleged that "after the pleas were entered, the State turned over information that one of the [S]tate's witnesses, [Thomas], had testified falsely in a federal proceeding[]." Specifically, the motion alleged:

> one consideration that prompted me to enter my guilty pleas was the [S]tate's intention to call [Thomas] as a witness against me. Thomas would supposedly testify to admissions made by me while in the Milwaukee County Jail. Since the time I entered my guilty pleas, the State turned over information substantiating that Thomas testified falsely in a federal proceeding in North Carolina in 2005. Had I known this, along with the fact that I would not be given a full opportunity to cooperate with law enforcement, at the time I entered my guilty pleas, I would not have done so.

(Some formatting altered.)

¶6 At a hearing on the motion, Randolph indicated that the only reason he chose to plead guilty was because, had the matter gone to trial, Thomas would have testified that Randolph confessed to his role in the events of October 18 and 20, 2015. Randolph, through counsel, introduced the sentencing memorandum about Thomas's alleged perjury as an exhibit. The memorandum stated that Thomas perjured himself in a federal trial and a sentence enhancement was requested on the basis of the perjury. Specifically, the memorandum stated that Thomas gave false testimony in the trial of his codefendant and tried to elicit false testimony from the victim of the financial crimes Thomas and the codefendant committed. The circuit court stated that it reviewed the memorandum but ultimately denied Randolph's motion. As relevant to this appeal, the circuit court stated:

3

The … reason [Randolph] seeks to withdraw his plea is because … of what he describes in his testimony as Mr. [Thomas] perjuring himself or being a liar. There is no evidence of either of those things. The only evidence in the record in this case is that Mr. [Thomas] was—that the government in a federal matter in 2005 sought to enhance his sentencing guideline calculation with the argument that he must have pled guilty or he must have perjured himself because the defendant was convicted.

….

…[H]ow that would have come into play or if it would have come into play in connection with the current trial or Mr. Randolph's trial adds another level of speculation. There is insufficient information for me to conclude that the information contained in that government sentencing memorandum that was provided to the defense … is a fair and just reason to allow Mr. Randolph to withdraw his plea.

….

Even if [that reason was] fair and just, the State would have suffered substantial prejudice. That prejudice lies in the fact that witnesses that had agreed to testify against Mr. Randolph in exchange for something in their plea agreements—no doubt something equally vague as the State taking their consideration into account—have been sentenced.

Now, there is no question that they could be compelled to live up to their end of the plea agreement, even if they have already been sentenced….

But the fact that a witness would need to be compelled could compromise that witness's credibility. The fact that a witness could need to be compelled could compromise that witness's subjective desires to be completely candid….

….

The circumstances as they exist on the record do not reveal a fair and just reason to allow Mr. Randolph to withdraw his plea. Even if there were a fair and just reason, the facts on the record do reveal substantial prejudice to the State. As a result, Mr. Randolph's motion to withdraw his plea is denied.

4

¶7     The circuit court imposed twenty years of initial confinement and ten years of extended supervision for count one, the felony murder, and a consecutive sentence of two years of initial confinement and two years of extended supervision for count two, the attempted burglary, amounting to an aggregate sentence of twenty-two years of confinement and twelve years of extended supervision.

¶8     This appeal follows.

## DISCUSSION

¶9     A defendant may withdraw a plea prior to sentencing upon showing any fair and just reason for his or her change of heart beyond the simple desire to have a trial, as long as the prosecution has not been substantially prejudiced by its reliance on the plea.  *See* ***State v. Garcia***, 192 Wis. 2d 845, 861-62, 532 N.W.2d 111 (1995).

¶10     A circuit court's discretionary decision to deny plea withdrawal will be upheld on appeal when "the circuit court reached a reasonable conclusion based on the proper legal standard and a logical interpretation of the facts."  ***State v. Kivioja***, 225 Wis. 2d 271, 284, 592 N.W.2d 220 (1999).  "While courts should liberally grant plea withdrawal prior to sentencing, withdrawal is not automatic." ***State v. Leitner***, 2001 WI App 172, ¶24, 247 Wis. 2d 195, 633 N.W.2d 207.  The request to withdraw a guilty plea prior to sentencing may be granted where the defendant proves by a preponderance of the evidence that a fair and just reason exists for doing so.  ***Id.***, ¶26.  A "fair and just" reason means some adequate reason for a defendant's change of heart other than the desire to have a trial.  ***Id.***, ¶25.  Once the defendant has met his or her burden, the circuit court should grant

the motion for plea withdrawal unless there is substantial prejudice to the prosecution. *Kivioja*, 225 Wis. 2d at 283-84.

¶11 Because we conclude that allowing Randolph to withdraw his guilty pleas would result in substantial prejudice to the State, we need not address whether a fair and just reason for plea withdrawal exists. At the time Randolph filed his motion, Randolph's codefendants had already agreed to testify against him as a part of their plea agreements and had already been sentenced. As the circuit court noted, the codefendants had already received the benefit of their agreements with the State and would therefore have dramatically reduced incentives to testify truthfully against Randolph. Any attempts to compel testimony from the accomplices would impact their credibility. The State indicated that witness testimony was critical to its case against Randolph. Allowing Randolph to withdraw his guilty pleas would prejudice the State's ability to try Randolph with credible evidence.

¶12 For the foregoing reasons, we affirm the circuit court.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).